UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:10CR99 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| DANTE A. IVERY, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court on Defendant Dante A. Ivery's motion for a reduced sentence based upon the retroactive application of the crack cocaine sentencing guidelines. For the reasons stated herein, the motion is DENIED.

18 U.S.C. § 3582(c)(2) provides as follows:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). Based upon the plain language of the statute, the Court has discretion in determining whether a sentence reduction is appropriate. *See U.S. v. McPhearson*, 303 Fed. Appx. 310, 322 ("Moreover, a district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range.") (citation omitted).

> The Supreme Court described § 3582(c)(2) as establishing a two-part inquiry. *See Dillon v. United States*, 130 S.Ct. 2683, 2691–92 (2010). First, a court must determine whether a defendant is eligible for a reduction consistent with the applicable Guidelines policy statement, here, U.S.S.G. § 1B1.10. …
>
> Second, the court must consider whether and to what extent any authorized reduction is warranted in the particular case. *See Dillon*, 130 S. Ct at 2691–92. This inquiry "shall" include consideration of the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may" include consideration of the "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, note 1.

*United States v. Nesbitt*, 420 Fed. Appx. 541, 545 (6th Cir. 2011).  Upon review of the 18 U.S.C. § 3553(a) factors, the Court finds that a reduction is not warranted herein.

The Court notes that there was initially some disagreement over whether Ivery's concurrent sentences for the drug offense and the firearm offense precluded a sentence reduction. However, as the Court would decline to reduce his sentence utilizing its discretion, it need not review the eligibility issue herein.

1. <u>Nature and circumstances of the offense</u>

On January 27 2010, Akron police officers searched Ivery's residence.  Inside the residence, officers found 5.89 grams of crack cocaine and a loaded .380 caliber semiautomatic pistol. Accordingly, the Court finds that the facts of Ivery's crime fall within the heartland of crack cocaine offenses.

1. <u>History and characteristics of the defendant</u>

It is Ivery's characteristics and history that warrant the denial of his motion to reduce his sentence.  Ivery began his involvement with the legal system at the age of 15. At that age, Ivery was adjudicated delinquent and given two weeks of house arrest.  Just weeks later, Ivery was picked up for domestic violence.  He was sentenced to three days, but that sentenced was suspended. At 16, Ivery was convicted twice of possession of drugs and tampering with evidence.

Later at age 16, Ivery was convicted of escape. At 18, Ivery was convicted of trafficking in crack cocaine, a second degree felony, and carrying a concealed weapon, a 9 mm handgun. Also at 18, Ivery was convicted of driving with a suspended license. At 19, Ivery was convicted of drug abuse, domestic violence, and driving with a suspended license – all arising from different events. At 20, Ivery was convicted of possession of cocaine, having weapons under disability, and receiving stolen property. Ivery received a 5 year sentence for these latter convictions. During that incarceration, Ivery was cited for 13 rules infractions. These infractions included embezzlement of property, fighting, and possession of contraband. Roughly one year after he was released from jail, Ivery was once again convicted of an offense involving drugs and firearms.

In short, Ivery is unable to follow the law. At every turn in his life, he has found a way to violate the law. On three separate occasions, Ivery was caught with crack cocaine and a firearm. His second conviction led to the first lengthy prison sentence of his life. Ivery responded to incarceration by repeatedly violating the rules of the institution. Ivery then left prison and almost immediately returned to his old lifestyle of drugs and firearms. Ivery explained that he reverted to his old ways because he could not make an honest living and it was simply easier to make money by selling drugs.

The Court acknowledges that Ivery has apparently been discipline free during his current incarceration and has attempted to take advantage of the educational opportunities and classes available to those incarcerated. However, during his initial sentencing, Ivery received only a mid-Guideline range of 79 months. Given his extensive history of drugs and firearms, the Court cannot justify reducing his sentence below that term, despite the modification to the Guidelines that was made subsequent to his conviction.

Based upon the above, the Court acknowledges its discretion to consider the retroactive

application of the crack cocaine guidelines.  Having reviewed the § 3553(a) factors, the Court finds that exercising its discretion to reduce Ivery's sentence is not appropriate.  Accordingly, Ivery's motion is DENIED.

    IT IS SO ORDERED.


Dated:   November 19, 2012                            /s/ John R. Adams
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE